Contrary to the defendant’s contention, the Supreme Court’s determination that the plaintiffs proposed relocation to Texas with the parties’ children is in the best interests of the children is supported by a sound and substantial basis in the record (see Matter of Tropea v Tropea, 87 NY2d 727, 739-742 [1996]). “[E]conomic necessity . . . may present a particularly persuasive ground for permitting the proposed move” (Matter of Tropea v Tropea, 87 NY2d at 739; see Matter of Harrsch v Jesser, 74 AD3d 811, 812 [2010]). Here, the plaintiff demonstrated that she could not meet the family’s living expenses in New York and that the defendant did not make regular child support payments (see Matter of Harrsch v Jesser, 74 AD3d at 812). She also demonstrated that, if she were permitted to relocate, she would receive, from her parents, financial assistance and assistance with child care, as well as the opportunity for her and the children to live with them rent-free (see Matter of Harrsch v Jesser, 74 AD3d at 812; see also Miller v Pipia, 297 AD2d 362, 364-366 [2002]). Since the Supreme Court’s determination had a sound and substantial basis in the record, it will not be disturbed (see Matter of Harrsch v Jesser, 74 AD3d at 812). Skelos, J.E, Leventhal, Chambers and Lott, JJ., concur.